**Electronically Filed
Intermediate Court of Appeals
30081
11-OCT-2011
08:23 AM**

NO. 30081

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BRIAN SHELTON, Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
WAILUKU DIVISION
(CASE NO. 2DTC-09-009131)

SUMMARY DISPOSITION ORDER
(By: Reifurth and Ginoza, JJ.; and Leonard,
Presiding Judge, concurring in part and dissenting in part)

Defendant-Appellant Brian Edward Shelton (Shelton) appeals from the Judgment, filed on August 26, 2009, in the District Court of the Second Circuit (District Court).[1]

The case arises from a charge alleging that, on February 25, 2009, Shelton operated a vehicle after his license and privilege were suspended or revoked for operating a vehicle under the influence of an intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-62 (Supp. 2009). After a bench trial, Shelton was found guilty.

---

[1] The Honorable Kelsey T. Kawano presided.

On appeal, Shelton contends:

(1) the District Court lacked jurisdiction because the charge failed to state an offense;

(2) the District Court erred by admitting into evidence Exhibit 6 and/or by considering statements contained in Exhibit 6, which contains various documents from the Administrative Driver's License Revocation Office (ADLRO), because (a) statements contained in part of the exhibit violated Shelton's right under the Sixth Amendment of the United States Constitution to confront witnesses, (b) the documents were not admissible under exceptions to the hearsay rule and were not properly certified, (c) statements made by Shelton's counsel contained in Exhibit 6 were inadmissible; and

(3) absent the erroneous admission of Exhibit 6, there was insufficient evidence to convict him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that, under the liberal construction standard, the charge against Shelton was not defective. On the merits of the case, we conclude that Exhibit 6 was not properly certified or authenticated and therefore was not admissible. Without the admission of Exhibit 6, there was insufficient evidence to support Shelton's conviction.

I. **Sufficiency of the Charge**

Shelton claims the charge was insufficient because it failed to specify that Shelton committed the offense on a "public way, street, road, or highway." Shelton claims his case is similar to the deficient charge in State v. Wheeler, 121 Hawai'i 383, 219 P.3d 1170 (2009). However, because Shelton did not object to the sufficiency of the charge in the District Court and raises the issue for the first time on appeal, Wheeler does not

2

support Shelton's position. Rather, the liberal construction standard applies, which means "we will not reverse a conviction based upon a defective indictment unless the defendant can show prejudice or that the indictment cannot within reason be construed to charge a crime." State v. Tominiko, No. SCWC-29535, 2011 WL 4375245, at *16 (Haw. Aug. 26, 2011) (quoting State v. Motta, 66 Haw. 89, 90, 657 P.2d 1019, 1019 (1983)).

Shelton does not assert that he has been prejudiced by the charge. Further,

> in determining whether a defendant has been adequately informed of the charges against him, the appellate court can consider other information in addition to the charge that may have been provided to the defendant during the course of the case up until the time defendant objected to the sufficiency of the charges against him.

Wheeler, 121 Hawai'i at 396, 219 P.3d at 1183. See also State v. Sprattling, 99 Hawai'i 312, 318-21, 55 P.3d 276, 282-85 (2002) (court reviewed record and information provided to defendant prior to challenge of the charge in determining defendant's right to be informed was not violated); State v. Treat, 67 Haw. 119, 120, 680 P.2d 250, 251 (1984) (dismissal of indictment reversed because, prior to consideration of dismissal motion, defendant "had been supplied with the grand jury transcript which clearly established the details of the crime, [and] he had been fully informed of the nature and cause of the accusation against him.").

At trial, Officer Taguma testified that he stopped Shelton on Welakahao Road in the vicinity of South Kīhei Road and that it was a public roadway. Prior to challenging the sufficiency of the charge on appeal, the record establishes that Shelton was informed of the nature of the charge against him and we therefore reject his challenge based on Wheeler.

## II.  Admissibility of State's Exhibit 6

Exhibit 6 was offered by the State and consists of several documents, including two documents entitled Notice of Administrative Hearing Decision (Notices) (one dated October 10, 2008 and another dated November 6, 2008) and certificates of mailing for each Notice.  The earlier Notice indicates it was mailed to Shelton and that Shelton's driver's license was revoked from November 4, 2008 to November 3, 2009.  The later Notice indicates it was mailed to Shelton's counsel and that Shelton's driver's license was revoked from November 4, 2008 to August 3, 2009.  Additionally, a document entitled "Findings of Fact, Conclusions of Law, and Decision" (Findings and Conclusions) is attached to the Notice dated November 6, 2008.

Shelton contends Exhibit 6 should not have been admitted into evidence because, *inter alia*, it was not properly certified, and therefore not self-authenticated, under HRE Rule 902(4).  "When application of a particular evidentiary rule can yield only one correct result, the proper standard for appellate review is the right/wrong standard."  State v. Staley, 91 Hawai'i 275, 281, 982 P.2d 904, 910 (1999).

No witness appeared at trial to authenticate Exhibit 6. Rather, it was offered by the State as a "sealed and certified" copy of the notice of administrative hearing by the ADLRO.  The State asserted Exhibit 6 was admissible as a self-authenticating public record pursuant to Rule 803(b)(8) of the Hawai'i Rules of Evidence (HRE) (Public Records and Reports), HRE Rule 902(1) and (4) (Domestic Public Records Under Seal and Certified Copies of Public Records), and HRE Rule 1005 (Public Records).  The District Court admitted Exhibit 6 "to the extent that it purports to be a decision of the administrative hearing office and a decision and order[.]"

4

Shelton correctly asserts, however, that Exhibit 6 was not properly certified under HRE Rule 902(4) and should not have been admitted. This rule provides:

> Rule 902. Self-authentication. Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
>
> . . .
>
> (4) Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, <u>certified as correct by the custodian or other person authorized to make the certification</u>, by certificate complying with paragraph (1), (2), or (3) or complying with any statute or rule prescribed by the supreme court.

(Emphasis added).[2] The certification affixed to Exhibit 6 states: "I do hereby certify that this is a full, true, and correct copy of the document on file in this office." The signature line of the certification states: "Judiciary, Admin. Driver's License Rev., State of Hawaii." Based on other information in the exhibit, it appears the certification was signed by a Review Officer within the ADLRO. The certification, however, fails to establish that the certification was made by "the custodian" of the documents or by another person "authorized to make the certification." There is no evidence, and no argument by the State, that a Review Officer is authorized to make the certification required under HRE Rule 902(4). <u>See also</u> HRS Chapter 291E, Part III (Administrative Revocation Process). Without more, we conclude the certification requirements under HRE Rule 902(4) were not met.

Moreover, although the State asserts that Exhibit 6 is "sealed," which is apparently a reference to the documents being

---

[2] The State argues that the authenticity of Exhibit 6 was not challenged at trial. However, Shelton did raise the issue in briefing submitted to the District Court and the District Court did thereafter, *inter alia*, affirm its ruling admitting Exhibit 6 as a self-authenticating public record under HRE Rules 803(b)(8) and 902.

"public documents under seal" pursuant to HRE Rule 902(1),[3] Exhibit 6 does not have any seal as required under that rule.

Even if we were to assume that the hearsay exception under HRE Rule 803(b)(8) applied,[4] authentication of Exhibit 6 was a necessary predicate for admissibility. Cf. U.S. v. Baker, 538 F.3d 324, 331 (5th Cir. 2008) (addressing similar issue under similar Federal Rules of Evidence).

Therefore, the requirements for admission of Exhibit 6 as a self-authenticating public record were not met in this case and it was error for the District Court to have admitted it into evidence.

## III. Sufficiency of the Evidence

The State was required to prove that, on the day of the offense, Shelton acted recklessly by consciously disregarding a substantial risk that his license was revoked for operating a vehicle under the influence of an intoxicant. See State v. Lioen, 106 Hawai'i 123, 130-32, 102 P.3d 367, 374-76 (App. 2004). Without Exhibit 6, and considering the remaining evidence in the light most favorable to the prosecution, there was insufficient evidence to show that Shelton had notice of the ADLRO proceedings or notice that his licence was revoked for operating a vehicle under the influence of an intoxicant. Officer Taguma testified

---

[3] HRE Rule 902(1) states, in relevant part:

> **Rule 902. Self-authentication.**
> Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:
> (1) Domestic public documents under seal. A document bearing a seal purporting to be that of the United States, or of any state . . . or of a political subdivision, department, officer, or agency thereof, and a signature purporting to be an attestation or execution.

[4] We need not, and therefore do not, reach any decision as to whether the requirements under HRE Rule 803(b)(8) were met in this case.

that when he stopped Shelton on February 25, 2009, Shelton was unable to produce a driver's license. However, without Exhibit 6, there is a dearth of evidence as to why Shelton did not have a license.

Thus, absent the improperly admitted Exhibit 6, there was insufficient evidence to prove the state of mind requirement that, on the date of the offense, Shelton acted recklessly by consciously disregarding a substantial risk that his license was revoked for operating a vehicle under the influence of an intoxicant.[5]

Therefore,

IT IS HEREBY ORDERED THAT the Judgment filed on August 26, 2009 in the District Court of the Second Circuit is reversed.

DATED: Honolulu, Hawaiʻi, October 11, 2011.

On the briefs:

David A. Sereno
Matthew Nardi
(David A. Sereno, ALC)
for Defendant-Appellant

Associate Judge

Kristin Coccaro
Deputy Prosecuting Attorney
County of Maui
for Plaintiff-Appellee

Associate Judge

---

[5] Given our ruling on the insufficiency of the evidence to support the conviction, we do not reach the other issues raised on appeal.